UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN LASH, | 3:14-cv-00511-LRH-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| MICHAEL PANDULO, | |
| Defendant. | |

Before the court are Plaintiff's Application to Proceed In Forma Pauperis (Doc. # 5)[1] and pro se Complaint (Doc. # 1-1).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

---

[1] Refers to court's docket number.

1   (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

2   absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*

3   *Co.*, 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:
[I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).Notwithstanding the foregoing:

[I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff is currently incarcerated and indicates he is not employed, and he has $17.99 in his prison account. (Doc. # 5 at 2, 4.) In addition, his financial certificate states that his average monthly prison account balance for the past six months is $13.29. (Doc. # 1 at 5-14.)

Plaintiff's application to proceed in forma pauperis (Doc. # 5) is granted. Plaintiff is required to pay an initial partial filing fee of $3.60. After this payment is made, Plaintiff is required to make monthly payments of twenty percent of the preceding month's income credited to his prison account each time the account exceeds $10 until the filing fee is paid. The payments shall be forwarded by the agency having custody of Plaintiff.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough

- 3 -

facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff has filed this Complaint against his criminal defense attorney, Michael Pandulo. (Doc. # 1-1 at 1, 4.) He contends that his right to a fair criminal trial was violated when Pandulo coerced him into accepting a plea deal after Plaintiff refused to pay him $1500 for his services. (*Id*. at 3-4.) Plaintiff avers that Pandulo took over his case from a public defender as a favor to a friend, and tried to charge Plaintiff $1500 to handle Plaintiff's case. (*Id*.) He alleges that Pandulo kept re-setting court deadlines until he received payment. (*Id*.) In July of 2013, Plaintiff contends that he asked for a speedy trial, but when he did not pay Pandulo the $1500, Pandulo "reset [his] case" and told Plaintiff to sign a plea deal. (*Id*.) Pandulo allegedly represented that Plaintiff would receive probation. (*Id*.) He contends that he expected probation so he "didn't speak up or tell them [he] was promised probation to sign the deal." (*Id*.) He is now serving a two and a half year sentence. (*Id*.) His requested relief includes discharge with no parole, $500 thousand dollars, and another $500,000 for pain and suffering. (*Id*. at 9.)

**C. Analysis**

"[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is

- 4 -

entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, where a section 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Accordingly, where the section 183 action would necessarily imply the invalidity of the conviction or sentence, it may not proceed. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Here, Plaintiff's claim would necessarily imply the invalidity of his sentence because if successful it would require a speedier release from prison, and Plaintiff avers that he is still serving this sentence; therefore, he has not established that it has been invalidated on appeal, by habeas petition or otherwise. As such, he cannot proceed with his section 1983 claim.

Plaintiff's allegations, instead, give rise to a potential claim for ineffective assistance of counsel which should be brought in a petition for writ of habeas corpus, following exhaustion of applicable state remedies. A state prisoner may collaterally attack his detention by filing a petition for habeas corpus in federal court pursuant to 28 U.S.C. § 2254 on the basis that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

As such, this action should be dismissed without prejudice.

### III. CONCLUSION

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 5) is **GRANTED**. Plaintiff is required to **PAY** an initial partial filing fee of $3.60. After this payment is made, Plaintiff is required to make monthly payments of twenty percent of the preceding month's income credited to his prison account each time the account exceeds $10 until the filing fee is paid. The payments shall be forwarded by the agency having custody of Plaintiff.

(2) The Clerk shall **FILE** Plaintiff's pro se Complaint (Doc. # 1-1); and the Complaint is **DISMISSED WITHOUT PREJUDICE**;

(3) The Clerk shall **SEND** Plaintiff form 28.2254, petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody (not sentenced to death), and Plaintiff may file (after having exhausted all applicable state remedies) the petition **WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER**. If Plaintiff does not file the petition within this time frame, he is advised that this action may be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: October 29, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE